JOHNSON, C.J.
I would grant the writ application to consider the merits of the defendant’s claims.
In the present case, relator was sentenced under former R.S. 15:529.1(A)(l)(b)(ii), which is one of the sentencing provisions retroactively modified by R.S. 15:308(B). Relator was sentenced as a third felony offender, and he was sentenced to life imprisonment, at hard labor, without benefit of parole, probation, or suspension of sentence. At the time of relator’s offense and conviction, the applicable portion of R.S. 15:529.1(A)(l)(b)(ii) mandated a sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence for third felony offenders, if they committed a felony-grade violation of the Louisiana Controlled Dangerous Substances Law involving possession with intent to distribute a controlled dangerous substance punishable by more than five *42 years imprisonment according to the following formula: “If the third felony or ... any of the prior felonies is(emphasis added). Relator was convicted of possession of cocaine with intent to distribute, which was then punishable by not less than five years nor more than 30 years. R.S. 40:967 and therefore qualified for sentencing under this provision.
The Habitual Offender Law has since been amended such that, in relator’s case, he no longer qualifies for a mandatory life sentence “without benefit” because the “or” in the sentencing formula has been changed as follows: “If the third felony and the two prior felonies are....” R.S. 15:529.1(A)(3)(b) (emphasis added). Relator now falls under the sentencing provision of R.S. 15:529.1(A)(3)(a):
If the third felony is such that upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life then:
(a) The person shall be sentenced to imprisonment for a determinate term not less than two-thirds of the longest possible sentence for the conviction and not more than twice the longest possible sentence pre-scribéd for a first conviction.
Thus, in relator’s case, the current provisions do not permit a sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence, but rather allow a maximum sentence of 60 years imprisonment at hard labor without benefit of probation, or suspension of sentence, and without benefit of parole for two years of the term. See R.S. 40:967 (B)(4)(b); R.S. 15:529.1(A)(3)(a). Consequently, it appears that R.S. 15:308(B) mandates that the more lenient sentencing provision of the Habitual Offender Law shall apply to relator’s sentence, and his claim that his sentence is illegal, entitling him to resentencing, appears meritorious, assuming that the decision in State v. Dick, 06-2223 (La.1/26/07), 951 So.2d 124, including its dicta, has been superseded.
For these reasons I would grant the writ application.